J-S75042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEVEN HOLIDAY, | : | |
| | : | |
| Appellant | : | No. 434 EDA 2016 |

Appeal from the PCRA Order January 19, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0609671-1997

BEFORE:  BOWES, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED DECEMBER 19, 2016**

Steven Holiday ("Holiday"), *pro se*, appeals from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the procedural history underlying this appeal as follows:

> On December 9, 1997, [Holiday] was convicted of Murder in the First Degree, Carrying a Firearm in a Public Street, and Conspiracy ….  [Holiday] was sentenced to life imprisonment for the murder charge, thirty to sixty months imprisonment for the firearm charge, and thirty to sixty months incarceration for the conspiracy charge.  The sentence for the firearm was to run concurrent with the term of life imprisonment for the murder charge.  The sentence for the conspiracy charge was to run consecutive to the sentence for the murder charge.  On April 1, 1998, Holiday timely filed [a N]otice of [A]ppeal to the Superior Court of Pennsylvania.  The Superior Court affirmed the judgment of sentence on September 28, 1999.  [*See* ***Commonwealth v. Holiday***, 747 A.2d 413 (Pa. Super. 1999) (unpublished memorandum).]  The Supreme Court of

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Pennsylvania denied *allocatur* on April 27, 2000. [***See Commonwealth v. Holiday***, 757 A.2d 929 (Pa. 2000).]

On March 21, 2001, [Holiday] filed his first PCRA [P]etition. The [P]etition was dismissed on June 26, 2002. The Superior Court affirmed the denial of the first PCRA [P]etition on June 20, 2003. [***See Commonwealth v. Holiday***, 832 A.2d 537 (Pa. Super. 2003) (unpublished memorandum).] The Supreme Court denied *allocatur* on December 23, 2003. [***See Commonwealth v. Holiday***, 841 A.2d 529 (Pa. 2003).] … [Holiday] filed a second[,] untimely PCRA [P]etition on April 16, 2008. The PCRA court dismissed the [P]etition as untimely on February 24, 2009. The Superior Court affirmed the [dismissal] of the [P]etition on December 30, 2009. [***See Commonwealth v. Holiday***, 990 A.2d 46 (Pa. Super. 2009) (unpublished memorandum).]

[Holiday] then filed the instant [P]etition, his third PCRA [P]etition, on July 29, 2013. He later amended the [P]etition on December 18, 2014. [Holiday] was appointed counsel, Dennis Turner, [Esquire (hereinafter "PCRA counsel"),] who filed a ***Finley***/***Turner***[, ***see Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988),] no-merit letter on July 15, 2015. [After issuing a Notice pursuant to Pa.R.Crim.P. 907, the PCRA] court dismissed th[e] third PCRA [P]etition on January 19, 2016[, and granted PCRA counsel permission to withdraw]. On January 27, 2016, [Holiday] timely filed the instant appeal to the Superior Court. On February 10, 2016, the [PCRA c]ourt ordered [Holiday] to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) ….

PCRA Court Opinion, 5/5/16, at 1-2 (footnotes omitted). Holiday timely filed his Concise Statement.

On appeal, Holiday presents the following questions for our review:

   I.  Whether the PCRA court erred in denying [Holiday] an opportunity to prove his innocence, and/or hold a hearing to hear evidence regarding [Holiday's] claim of actual innocence?

II. Whether PCRA counsel rendered ineffective assistance of counsel in failing to advance [Holiday's] claim of actual innocence?

III. Whether [Holiday's] claim of innocence due to the denial of his 5th, 6th, and 14th [United States] Constitutional Amendment right(s) to the effective assistance of counsel and due process was properly dismissed as untimely filed?

Brief for Appellant at 4 (issues renumbered for ease of disposition; capitalization omitted).

We review an order dismissing a PCRA petition in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The review is limited to the findings of the PCRA court and the evidence of record. *Id.* The PCRA court's decision will be upheld if it is supported by the record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Holiday's judgment of sentence became final in July 2000, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. **See Commonwealth v. Wilson**, 911 A.2d 942, 945 (Pa. Super. 2006). Therefore, Holiday's instant PCRA Petition, which he filed thirteen years later, is facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To establish an exception to the timeliness requirement, the petitioner must plead and prove (1) the failure to raise the claim was the result of government interference; (2) the facts upon which the claim is predicated were unknown and could not have been discovered with due diligence; or (3) the right asserted is a Constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in the section, and the court has held that it applies retroactively (hereinafter "the newly-recognized right exception"). **Id.** Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2).

In his first issue, Holiday claims to have met the newly-recognized right exception, and should thus be entitled to review of his claim of actual innocence. Brief for Appellant at 16. Holiday relies on **McQuiggin v.**

***Perkins***, 133 S. Ct. 1924 (2013), wherein the United States Supreme Court reviewed a federal *habeas corpus* petition and held that a convincing claim of actual innocence can be used as an equitable exception to overcome the statute of limitations in the Anti-Terrorism and Effective Death Penalty Act. ***Id.*** at 1935; ***see also*** Brief for Appellant at 16-17.

This Court recently addressed the inapplicability of ***McQuiggin*** to the timeliness provisions set forth in the PCRA, stating as follows:

> Our jurisprudence … has already deemed such decisions pertaining to federal *habeas corpus* law irrelevant to our construction of the timeliness provisions set forth in the PCRA. While ***McQuigg***[***i***]***n*** represents a further development in federal *habeas corpus* law, … this change in federal law is irrelevant to the time restrictions of our PCRA.

***Commonwealth v. Brown***, 143 A.3d 418, 421 (Pa. Super. 2016) (internal citation omitted). Moreover, the ***McQuiggin*** Court did not articulate a constitutional right that was to be applied retroactively. ***McQuiggin***, 133 S. Ct. at 1935. Accordingly, ***McQuiggin*** is inapposite and unavailing to Holiday. ***See Brown***, ***supra***. Holiday has thus failed to meet the newly-recognized right exception with this claim, and his first issue does not entitle him to relief.

Next, we will simultaneously address Holiday's second and third issues, as both raise claims of ineffective assistance of counsel. Holiday argues that (1) his trial counsel was ineffective for "fail[ing] to conduct a reasonable pretrial investigation, which would have produced the testimony of" two potential defense witnesses, whose testimony "would have interlocked[,]

- 5 -

giving [Holiday] a relatively strong alibi defense[;]" and, (2) PCRA counsel was ineffective for filing a **Finley/Turner** no-merit letter, where "counsel only looked to the timeliness of the [PCRA P]etition without considering [Holiday's] claim of innocence and the evidence that supported it." Brief for Appellant at 15, 18; *see also id.* at 19 (asserting that "[a]t the time of [PCRA] counsel's no-merit letter[, Holiday's] case was controlled by the Supreme Court's decision in **McQuigg**[*i*]*n*.") (capitalization omitted).

It is well established that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (citing **Commonwealth v. Lark**, 746 A.2d 585, 589-90 (Pa. 2000) (stating that couching an argument in terms of ineffectiveness cannot save a petition that does not fall into an exception to the jurisdictional time bar)). Accordingly, Holiday's claims of ineffective assistance of counsel do not save his otherwise untimely PCRA Petition. **See id.**[2]

---

[2] Moreover, Holiday is not entitled to relief on the merits of his claim of trial counsel's ineffectiveness, since it has been previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(3) (providing that, in order to be eligible for PCRA relief, a petitioner must plead and prove that his or her claim has not been previously litigated); **see also Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa. Super. 2000) (stating that a PCRA petitioner cannot obtain PCRA review of previously litigated claims by presenting those claims again in a PCRA petition and setting forth new theories in support thereof). Further, for the reasons set forth above concerning the inapplicability of **McQuiggin** to this case, Holiday's claim of PCRA counsel's ineffectiveness also fails on the merits.

Because we conclude that Holiday did not meet any of the timeliness exceptions necessary to save his facially untimely third PCRA Petition, and his ineffectiveness claims are unavailing, the PCRA court properly dismissed the Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2016